(117 App. Div. 829.)

PETZE v. LEARY.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

CONTRACTS—CONSIDERATION—PERFORMANCE OF LEGAL OBLIGATION.

Where plaintiff simultaneously contracted with a corporation to render it certain services and with an officer thereof to perform the other contract, the contract with the officer was without consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 280.]

Appeal from Special Term.

Action by Henry H. Petze against Daniel J. Leary. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

It is alleged in the complaint that the plaintiff made a written contract with a named corporation, of which this defendant was a stockholder, director and president, to serve it as chief clerk and auditor for five years at a salary and compensation fixed therein. It is next alleged that simultaneously with the making thereof the defendant made a written contract with the plaintiff that "in consideration of the faithful compliance by the plaintiff with the terms of the aforesaid contract between the said corporation and the plaintiff," the defendant would at the end thereof give him 50 shares of the stock of the said corporation. It is then alleged that in the first year of such service the defendant "personally instigated and procured" the discharge of the plaintiff

by the said corporation from such employment, thereby preventing him from earning of the defendant the said 50 shares, of the value of $100 each, to his damage, etc.; and the prayer is for $5,000 damages.

A demurrer to the complaint for not stating facts sufficient was sustained.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

William S. Maddox, for appellant.

Paul Gorham, for respondent.

GAYNOR, J. If the defendant's contract had been made after the plaintiff's contract of service with the corporation, it would be without consideration to the defendant and void, for the plaintiff's agreement to do what he was already bound to do by the prior contract would be no legal consideration. Carpenter v. Taylor, 164 N. Y. 171, 58 N. E. 53.

But the allegation is that they were made simultaneously. Does that make a difference? The essence is the same. There is no difference in respect of the consideration to say, "I will give you $100 if you perform your contract of service made with B. yesterday," or "I will give you $100 if you perform your contract of service made with B. this same instant." In each case the consideration for your promise is that your promissee perform an existing contract obligation of his to a third person. That obligation exists when you complete your promise, whether it be a day old or comes into existence concurrently with your promise; it exists at the time your promise takes effect.

If the making of the contract by the plaintiff with the corporation had been the consideration to the defendant for the making of the contract by him with the plaintiff, or, conversely, if the plaintiff had been induced to enter into his contract with the corporation by the contract of the defendant with him, there would be a legal consideration. But that is negatived by the allegation of the complaint that the consideration was that the plaintiff should faithfully perform his contract of service with the corporation—not that he should make it. This excludes any other or further consideration, for it is alleged to be the consideration.

The making of the two contracts simultaneously might enable a finding of fact to be made that the consideration or inducement to the defendant to make his contract was the making of the other contract by the plaintiff, but we have not to do with a question of evidence but with one of pleading; and we may not assume that that was the consideration, for the complaint alleges that the consideration was another thing, i. e., that the plaintiff should faithfully keep his contract of service. If the complaint had alleged that each contract was the consideration for the other, this question of pleading would not be here, although a question might arise on the trial whether such consideration did not need to be expressed in the contract with the defendant in order to be proved.

The interlocutory judgment should be affirmed.

Judgment affirmed, with costs. All concur.